UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OMNIPOINT HOLDINGS, INC, <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF SOMERVILLE, THE ZONING BOARD OF APPEALS OF THE CITY OF SOMERVILLE, RICHARD J. DALEY, MARY R. JEKA, HERBERT F. FOSTER, ORSOLA S. FONTANO and MARLENE SMITHERS in their capacities as members of the Somerville Zoning Board of Appeals, <br><br> Defendants. | 04-10713 JLT <br><br> Civil Action No. |

## COMPLAINT

This action arises out of the unlawful denial by the Somerville Zoning Board of Appeals ("Zoning Board") of an application, pursuant to the City of Somerville Zoning Ordinance ("Zoning Ordinance") by Omnipoint Holdings, Inc. ("Omnipoint") for a revision of a previously issued special permit to expand an existing wireless telecommunications service facility. This denial violates the Federal Telecommunications Act of 1996, 47 U.S.C. § 332(c). As a result, Omnipoint seeks an injunction from this Court directing the Zoning Board to grant Omnipoint's application for a revision to its special permit with respect to the existing wireless telecommunications service facility. Omnipoint also seeks damages for defendants' violation of its rights under the Federal Telecommunications Act of 1996 and the Civil Rights Act, 42 U.S.C. § 1983.

## PARTIES

1. Plaintiff, Omnipoint, is a Delaware corporation with a principal place of business at 50 Vision Boulevard, East Providence, Rhode Island. Omnipoint is a leader in commercial wireless Personal Communication Services ("PCS") throughout the United States. Omnipoint successfully bid upon and received a PCS wireless broadcast license from the Federal Communications Commission ("FCC") for several cities, including the greater Boston area.

2. Defendant, the City of Somerville, (the "City"), is a duly authorized municipality constituted and existing under the laws of the Commonwealth of Massachusetts.

3. Defendant, the Zoning Board, is a duly authorized unit of the City that has been delegated the authority, among other things, to grant special permits and revisions to such special permits under the Zoning Ordinance. A true and accurate copy of the Zoning Ordinance is attached hereto as Exhibit A.

4. Defendants, Richard J. Daley, Mary R. Jeka, Herbert F. Foster, Orsola S. Fontano and Marlene Smithers are each residents of the City and together serve as the Zoning Board that denied the application for revision to the previously granted special permit at issue in this action.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1331, as this action arises under the laws of the United States, specifically § 704 of the Federal Telecommunications Act of 1996 and the Civil Rights Act, 42 U.S.C. s. 1983.

6. This Court also has subject matter jurisdiction of this action under 28 U.S.C. § 1343(a), as this is an action to redress the deprivation, under color of law, of rights and privileges secured by the laws and Constitution of the United States.

7.   Venue is proper in this Court under 28 U.S.C. § 1391(b), since the defendants each reside in this District, and the events and/or omissions giving rise to this action occurred in this District.

## FACTUAL BACKGROUND

### The Personal Communications Service Technology

8.   Omnipoint is a communications venture committed to providing integrated wireless personal communications services by building a national wireless network using PCS technology. PCS technology is a new generation of wireless service that uses digital transmission to improve the services available to consumers.

9.   Unlike cellular services using analog-based systems, PCS digital technology converts voice or data signals into a stream of digits to allow a single radio channel to carry multiple simultaneous signal transmissions. This allows Omnipoint to offer services often unavailable in analog-based systems, such as secured transmissions and enhanced voice, high-speed data, paging and imaging capabilities as well as voice mail, call forwarding and call waiting.

10.   Mobile telephones using PCS technology operate by transmitting a radio signal to antennas mounted on a tower, pole, building, or other structure. The antenna feeds the signal to electronic devices housed in a small equipment cabinet, or base station. The base station is connected by microwave, fiber optic cable, or ordinary telephone wire to the Base Station Controller, subsequently routing the calls throughout the world.

11.   Because the PCS system has a lower signal and a much higher frequency than traditional cellular technology, the range between the PCS mobile telephone and the antennas is limited.

12. In order to provide continuous service to a PCS telephone user, coverage must overlap in a grid pattern resembling a honeycomb. In the event that Omnipoint is unable to construct a cell site within a specific geographic area, Omnipoint will not be able to provide service to the consumers within that area.

13. Omnipoint's engineers use complex computer programs and extensive field testing to complete a propagation study, which shows where cell sites need to be located in order to provide service. The propagation study also takes into account the topography of the land, the coverage boundaries of neighboring cells and other factors. In order for the entire system to be operational, there must be properly placed cell sites installed and functioning so that seamless coverage can be realized, and only when the entire system is operational will a PCS telephone user have service and an uninterrupted conversation throughout a given territory. If there is no functioning cell site within a given area, there would be no PCS telephone service for customers within that area, and mobile customers who travel into the area will experience blocked calls, in which callers experience an abrupt and complete loss of signal.

14. As utilization of Omnipoint's PCS system by its customers increases beyond an optimal level in any given geographic area, Omnipoint must increase the capacity of its equipment to meet the increased call traffic requirements of its customers. Without increasing the capacity of its equipment, Omnipoint will experience an unacceptable level of blocked calls.

15. Based upon Omnipoint's research and analysis and as part of an extensive review of call traffic in the targeted area of Somerville area, Omnipoint determined that, in order to avoid in blocked calls in excess of thirteen percent resulting from an increasing level of calls by its customers in said area, it needed to increase the capacity of an existing cell site by adding an additional refrigerator-sized cabinet, or base station immediately adjacent to the already existing

cabinet on the rooftop of 278 Beacon St., Somerville (the "Site"), a seven story multiple dwelling structure in a densely populated area of Somerville.

16. In 1997, the Zoning Board approved a special permit, pursuant to its Zoning Ordinance, allowing Omnipoint to construct a cell-site, consisting of an equipment cabinet, six panel antennas and accessory equipment at the Site. In granting a special permit for Omnipoint's placement of a cabinet and antennas at the Site, the Zoning Board determined that the cabinet and antennas had:

- "minimal visual impact on the appearance of the building";
- "adhere(d) to many of the design guidelines outlined in the new zoning amendment;
- "(minimal) effect (upon) …the quality of life for the tenants of the building".

A true and accurate copy of the Zoning Board's Approval of Omnipoint's November, 1997 request for a special permit is attached hereto as <u>Exhibit B</u>.

**Federal Statutory Control Over PCS Siting**

17. Section 704 of the Federal Telecommunications Act of 1996 (the "Act"), 47 U.S.C. § 332(c), governs federal, state and local government regulation of the siting of PCS facilities such as the one at issue here.

18. The Act further provides that any person adversely affected by a state or local government's act, or failure to act, that is inconsistent with § 332(c)(7) of the Act may seek expedited review in the federal courts. 47 U.S.C. § 332(c)(7)(B)(v).

**The Request for Revision to the Special Permit**

19. On or about November 7, 2003, Omnipoint, applied, pursuant to Section 5.3.8 of the Zoning Ordinance, for revision of the special permit previously granted by the Zoning Board.

Specifically, it sought to add an additional equipment cabinet and a single 12-inch tall Global Positioning System ("GPS") antenna immediately adjacent to the existing equipment cabinet and antennas on the rooftop of the Site.

20.     The requested modification to the previously granted special permit met all criteria for approval specified in the Zoning Ordinance.

21.     Before Omnipoint's presentation before the Zoning Board, it presented its application to the Somerville Planning Board, which found that Omnipoint's proposed alterations to its existing telecommunications facility met the criteria set forth for granting a Special Permit under the Zoning Ordinance, and found that the "visual impact" (of the alterations) upon the surrounding neighborhood would be no greater than what is already existing". A true and accurate copy of the Somerville Planning Board's recommendation dated December 18, 2003, for approval of Omnipoint's application is attached hereto as Exhibit C.

22.     The Somerville Planning Board found, in support of its recommendation to the Zoning Board, that "the proposed…cabinet would not be easily visible due to the height of the building and the setback of the cabinet from the edge of the roof."

23.     After Omnipoint submitted its application, the Zoning Board conducted three public hearings on Omnipoint's application, in December 2003, January 2004, and February 2004.

24.     Omnipoint presented evidence at the hearings detailing its need for additional capacity to meet its customers' demands, the need for an additional equipment cabinet to supply such capacity, its continued compliance with all applicable Federal Communications Commission regulations and evidence of the minimal visual impact upon the neighborhood that its proposal would entail.

25. On February 25, 2004, the Zoning Board voted to approve Omnipoint's request for a twelve-inch GPS antenna, but to deny Omnipoint's request to install the additional equipment cabinet.

26. The Zoning Board decision did not include specific grounds for its denial, but merely recorded its vote approving the GPS antenna and denying the additional cabinet. The Zoning Board vote was five votes to zero against granting the requested revision to its previously granted special permit. A true and accurate copy of the Zoning Board's decision, as filed in the City Clerk's Office on March 10, 2004, is attached hereto as <u>Exhibit D</u>.

### **COUNT I - Violation of the Telecommunications Act of 1996**

27. Omnipoint hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 26 above as if fully set forth herein.

28. Article VI, Clause 2, of the United States Constitution, commonly known as the Supremacy Clause, provides, in relevant part, that "[t]his Constitution and the Laws of the United States which shall be made in Pursuance thereof... shall be the Supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

29. The Act governs the regulation of the placement, construction, and modification of personal wireless service facilities and, under the Supremacy Clause, preempts state laws and municipal ordinances or by-laws affecting such facilities to the extent that such laws, ordinances, and by-laws conflict with the Act.

30. Omnipoint's application for a special permit constitutes a request to provide "personal wireless services" within the meaning of the Act, and, as such, are entitled to the protection of the Act.

31. Pursuant to 47 U.S.C. § 332(c)(7)(B)(iii): "Any decision by a State of local government or instrumentality thereof to deny a request to place, construct or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record."

32. Omnipoint's proposed revision to the special permit previously granted by the Zoning Board fulfilled all criteria required by the Zoning Ordinance in order to receive a revision to the Special Permit.

33. Moreover, Omnipoint's request to add an equipment cabinet to an existing site complied with Article 14.1 of the Zoning Ordinance, under which wireless communications carriers are encouraged to augment existing sites as a primary option rather than constructing additional communications towers or facilities.

34. Defendants have failed to meet their burden of producing substantial evidence supporting the Zoning Board's denial of Omnipoint's applications.

35. Accordingly, the Zoning Board's decision violated the Act's prohibition on state or local governments denying the placement, construction and modification of personal wireless service facilities without substantial evidence and a written record. 47 U.S.C. § 332(c)(7)(B)(iii).

36. Accordingly, the Zoning Board's action is in violation of, and preempted by, the Act and the Supremacy Clause, and should be set aside and enjoined by the Court on that basis.

37. Further, the Court should exercise its power to issue an order commanding the Zoning Board to grant the revision to the special permit as applied for by Omnipoint.

### COUNT II - Violation Of The Civil Rights Act, 42 U.S.C. § 1983

38. Omnipoint hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 37 above as if fully set forth herein.

39. Title 42 U.S.C. § 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in the action at law, suit in equity, or other proper proceeding for redress."

40. The Zoning Board acted under color of law in denying Omnipoint's applications for a revision to the previously granted special permit.

41. Defendants violated the rights and privileges of Omnipoint under the Telecommunications Act. The defendants therefore acted in violation of Omnipoint's rights as secured by 42 U.S.C. § 1983.

42. Omnipoint has incurred financial damage as a result of the defendants' denial of its lawful request for a revision to a special permit previously granted by the Zoning Board.

**WHEREFORE,** Omnipoint respectfully requests the following relief as against the defendants:

1. An expedited review of the matters set forth in this Complaint;

2. An injunction mandating that the Zoning Board grant approval of Omnipoint's request for a revision to the special permit it had previously been granted;

3. An injunction and order of mandamus directing the Town, through its officers and agents, to issue a building permit for construction of an additional equipment cabinet and antenna at the subject site;

4. A judgment that the defendants' actions violated the Act and are therefore void and invalid;

5. An award of Omnipoint's damages caused by defendants' violation of the Federal Telecommunications Act of 1996;

6. An award of Omnipoint's damages caused by defendants' violation of 42 U.S.C. § 1983;

7. An award of Omnipoint's costs of suit herein, including reasonable attorneys' fees; and

8. Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

OMNIPOINT HOLDINGS, INC.

By its attorneys,

/s/ William A. Worth
William A. Worth, Esq., BBO #544086
Craig M. Tateronis, Esq., BBO #553628
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109-1024
Tel: (617) 456-8000
Fax: (617) 456-8100

Date: April 9, 2004

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
OMNIPOINT HOLDINGS, INC.

**DEFENDANTS** THE CITY OF SOMERVILLE, THE ZONING BOARD OF APPEALS OF THE CITY OF SOMERVILLE, RICHARD J. DALEY, MARY J. JEKA, HERBERT F. FOSTER, ORSOLA S. FONTANO and MARLENE SMITHERS

(b) County of Residence of First Listed Plaintiff __(Rhode Island)__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed __Middlesex__
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) (617) 456-8000
William A. Worth (BBO# 544086)
Craig M. Tateronis (BBO# 553628)
Prince, Lobel, Glovsky & Tye LLP
585 Commercial St., Boston, MA 02109

Attorneys (If Known)
**04-10713 JLT**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | 47 USC s. 332(c) |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This is a claim arising from the unlawful denial in violation of 47 USC s. 332(c) by the Somerville Zoning Board of Appeals of plaintiff's application for a revision to a special permit.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE April 9, 2004
SIGNATURE OF ATTORNEY OF RECORD _[signature]_

FOR OFFICE USE ONLY
RECEIPT #____ AMOUNT____ APPLYING IFP____ JUDGE____ MAG. JUDGE____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)   Omnipoint Holdings, Inc. v. The City of Somerville

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☒ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

    ☐ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

    ☐ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

    ☐ V.    150, 152, 153.

    **04-10713 JLT**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐  NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐  NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐  NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐  NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒  NO ☐

    A. If yes, in which division do all of the non-governmental parties reside?
       Eastern Division ☒   Central Division ☐   Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐  NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   William A. Worth, Esq., Craig M. Tateronis, Esq.
ADDRESS   Prince, Lobel, Glovsky & Tye LLP, 585 Commercial St., Boston, MA 02109
TELEPHONE NO.   (617) 456-8000

(Coversheetlocal.wpd - 10/17/02)