UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OMNIPOINT HOLDINGS, INC.,<br>             Plaintiff<br><br>V.<br><br>THE CITY OF SOMERVILLE, THE ZONING<br>BOARD OF APPEALS, RICHARD J. DALEY,<br>MARY R. JEKA, HERBERT F. FOSTER,<br>ORSOLA S. FONTANO and MARLENE<br>SMITHERS in their capacity as members of<br>the Somerville Zoning Board of Appeals,<br>             Defendants | Civil Action No. 04-10713 JLT |

## ANSWER

The Defendants City of Somerville ("Somerville" or the "City"), Somerville Zoning Board of Appeals (the "ZBA"), and Richard J. Daley, Mary R. Jeka, Herbert F. Foster, Orsola S. Fontano and Marlene Smithers in their capacity as members of the ZBA (ZBA members) hereby respond to the allegations in the Complaint as follows:

Defendants admit that the unnumbered introductory paragraph generally states what the allegations are but deny that its actions violated the Telecommunications Act of 1996, 47 U.S.C. § 332(c) (the "TCA") and oppose the granting of an injunction or an award of damages under 42 U.S.C. § 1983.

1. The Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 1 of the Complaint and demand that Plaintiff prove same.

2. Admit.

3. Admit.

4. Admit.

5. This paragraph states a legal conclusion to which no response is required.

6. This paragraph states a legal conclusion to which no response is required.

7. This paragraph states a legal conclusion to which no response is required.

8. The Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 8 of the Complaint and demand that Plaintiff prove same.

9. The Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 9 of the Complaint and demand that Plaintiff prove same.

10. The Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 10 of the Complaint and demand that Plaintiff prove same.

11. The Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 11 of the Complaint and demand that Plaintiff prove same.

12. The Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 12 of the Complaint and demand that Plaintiff prove same.

13. The Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 13 of the Complaint and demand that Plaintiff prove same.

14. The Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 14 of the Complaint and demand that Plaintiff prove same.

15. The Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 15 of the Complaint and demand that Plaintiff prove same.

16. Admit.

17. This paragraph states a legal conclusion to which no response is required.

18. This paragraph states a legal conclusion to which no response is required.

19. Admit.

20. Deny.

21. Admit that the Planning Board made such statement without expert evidence and without opposition to assertions made by the Plaintiff.

22. Deny as taken out of context. The Planning Board further stated, "however, as you travel north on Beacon Street the antennas and equipment cabinets become more visible."

23. Deny.

24. Deny that Plaintiff's presentation provided evidence of the need for additional capacity or the additional cabinet. Plaintiff failed to provide evidence of any actual coverage gap. The application was based on speculation of the potential for future capacity overload which was not actually occurring. No technical expert testified on behalf of Omnipoint. Defendant is without sufficient knowledge or information to admit or deny the allegation that Plaintiff is in continued compliance with all Federal Communications Commission regulations and demand that Plaintiff prove same. Deny that evidence of minimal visual impact was presented and demand that Plaintiff prove same.

25. Admit.

26. Deny. The application was granted in part and denied in part. The part of the Plaintiff's application that was denied was based on substantial evidence and in compliance with the TCA.

27. Defendants re-aver here its answers provided in paragraphs 1 through 26.

28. This paragraph states a legal conclusion to which no response is required.

29. This paragraph states a legal conclusion to which no response is required.

30. Deny. Granting Omnipoint's request would not have provided any additional personal wireless service to the public at large.

31. This paragraph states a legal conclusion to which no response is required.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

36. Deny.

37. Deny.

38. Defendants re-aver here its answers provided in paragraphs 1 through 37.

39. This paragraph states a legal conclusion to which no response is required.

40. Admit.

41. Deny.

42. Deny.

## FIRST AFFIRMATIVE DEFENSE

The ZBA's decision was supported by substantial evidence in a written record.

## SECOND AFFIRMATIVE DEFENSE

The ZBA properly and reasonably denied the Plaintiff's application for a special permit due to Plaintiff's failure to minimize the visual and aesthetic impact of the proposed facility on the community consistent with Article 14 of the Zoning Ordinance of the City of Somerville.

## THIRD AFFIRMATIVE DEFENSE

The ZBA properly and reasonably denied the Plaintiff's application for a special permit due to Plaintiff's failure to present reliable expert evidence of coverage gap or evidence that the proposed facility addressed current needs for the provision of personal wireless services.

## FOURTH AFFIRMATIVE DEFENSE

Neither the ZBA nor the City unreasonably discriminated against the Plaintiff.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust administrative remedies under state and local law.

Respectfully submitted

THE CITY OF SOMERVILLE,
THE ZONING BOARD OF APPEALS OF
THE CITY OF SOMERVILLE; AND
RICHARD J. DALEY, MARY R. JEKA,
HERBERT F. FOSTER, ORSOLA S. FONTANO
AND MARLENE SMITHERS IN THEIR CAPACITY
AS MEMBERS OF THE SOMERVILLE ZONING
BOARD OF APPEALS,
By their attorney,

Matthew J. Buckley
Assistant City Solicitor
BBO#553390
City Hall, Law Department
93 Highland Avenue
Somerville, MA 02143
(617) 625-6600, ext. 4400

**CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2004, I served a copy of the above document by mailing, postage prepaid, a true and correct copy to: William A. Worth, Esq., Craig M. Tateronis, Esq., Prince, Lobel, Glovsky & Tye LLP, 585 Commercial Street, Boston, MA 02109-1024.

Matthew J. Buckley
Assistant City Solicitor

5