UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| OMNIPOINT HOLDINGS, INC, <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF SOMERVILLE, THE ZONING BOARD OF APPEALS OF THE CITY OF SOMERVILLE, RICHARD J. DALEY, MARY R. JEKA, HERBERT F. FOSTER, ORSOLA S. FONTANO and MARLENE SMITHERS in their capacities as members of the Somerville Zoning Board of Appeals, <br><br> Defendants. | Civil Action No. 04-10713 JLT |

## AGREEMENT FOR JUDGMENT

This Agreement for Judgment ("Agreement") is made this 19th day of January, 2005, by and among Omnipoint Holdings, Inc. ("Omnipoint"), the City of Somerville (the "City"), the Zoning Board of Appeals for the City of Somerville (the "Board"), and Richard J. Daley, Mary R. Jeka, Herbert F. Foster, Orsola S. Fontano and Marlene Smithers as members of the Board (collectively, the "Defendants"). All of the above parties shall be collectively referred to herein as the "Parties."

WHEREAS, Omnipoint commenced a civil action entitled <u>Omnipoint Holdings, Inc. v. The City of Somerville, et al.,</u> Civil Action No. 04-10713L in the United States District Court for the District of Massachusetts (the "Litigation") in which Omnipoint asserted claims against the Defendants arising out of the Defendants' denial of Omnipoint's application for a revision of a previously issued special permit to expand an existing wireless telecommunications service facility ("WCF") at 278 Beacon St., Somerville ("the Site").

WHEREAS, Omnipoint alleged in the Litigation that the Defendants violated the Federal Telecommunications Act of 1996, 47 U.S.C. § 332(c) and the Civil Rights Act, 42 U.S.C. § 1983, which allegations the Defendants denied.

WHEREAS, the Parties wish to avoid further expense in connection with the Litigation and desire to settle and compromise all allegations made in the matters at issue in the Litigation;

WHEREAS, the Parties have agreed to settle the Litigation upon the terms contained herein and in the Judgment attached hereto as Exhibit A;

WHEREAS, the Parties agree that the Litigation should be settled forthwith, that there is no just cause for delay, and that a remand of this matter to the Board would serve no useful purpose.

NOW THEREFORE, the Parties, through their counsel, stipulate and agree as follows:

1. Final Judgment, in the form attached hereto as Exhibit A, shall enter, vacating the Board's February 25, 2004 decision, filed in the City Clerk's Office on March 10, 2004, to deny Omnipoint's request to install an additional equipment cabinet on the roof of the building located at 278 Beacon St., Somerville and granting Omnipoint's application for revision of a previously issued special permit, and all other approvals and permits from the Board and the City which are necessary to allow the installation and operation of Omnipoint's WCF at the Site in accordance with Omnipoint's application and the plans and specifications as presented at the hearings before the Board.

2. The Parties further stipulate and agree that there is no just cause for delay in the issuance of the special use permit pursuant to this Agreement for Judgment, that further meetings, hearings or decisions would serve no useful

purpose, and that the zoning relief necessary to permit the installation and operation of Omnipoint's WCF is hereby granted. Consistent with this Agreement for Judgment, the City agrees and stipulates that Omnipoint's application satisfies the criteria for the revision of a previously issued special permit, as well as all other approvals and permits which are necessary for Omnipoint's WCF. Further, the Parties stipulate and agree that the Board shall have the obligation to issue the requested special use permit, as well as all other approvals and permits which the Board is authorized to issue, subject to the requirements of the City of Somerville Zoning Ordinance, and which are necessary for Omnipoint's WCF, forthwith, and in no event later than thirty (30) days from the date hereof, . If the Board fails to issue such special permit and other approvals and permits as aforesaid, this Agreement for Judgment shall operate as a grant thereof without the necessity of further action on the part of the Board or Omnipoint.

3. Consistent with this Agreement for Judgment, Omnipoint agrees to stipulate to the dismissal of its claim for relief under 42 U.S.C. § 1983, with prejudice, without costs and without right of appeal.

4. This Agreement for Judgment fully and completely resolves all of Omnipoint's pending claims against the Defendants with respect to Omnipoint's proposed WCF at the Site, but it shall have no effect on either party with respect to any future applications for zoning relief in other locations in Somerville or on any litigation which may arise out of any such future applications.

5. The Parties acknowledge and agree that they have entered into this Agreement on the advice of counsel, voluntarily, and not as a result of any promise or representation except as set forth expressly herein, and not as a result of any duress or coercion by any person or entity.

6. This Agreement has been deemed to be made and entered into in the Commonwealth of Massachusetts, and shall in all respects be interpreted, enforced and governed under federal law.

7. This Agreement and the Judgment filed herewith constitute the entire

agreements among the Parties, and it is expressly agreed that this Agreement may not be altered, amended, modified or otherwise changed in any respect, except by a writing duly executed by all of the Parties.

8. This Agreement shall inure to the benefit of, and be binding upon, the Parties to this Agreement and each of their officers, directors, shareholders, trustees, beneficiaries, insurers, agents, employees, attorneys, predecessors, successors and assigns.

9. This Agreement may be executed in counterparts, each of which shall be treated as an original.

Plaintiff,

OMNIPOINT HOLDINGS, INC.,

By its attorneys,

_____
William A. Worth, BBO#544086, Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street, Boston, MA 02109-1024
(617) 456-8005

Defendants,

By their attorney,

_____
Matthew J. Buckley
Assistant City Solicitor
City of Somerville
93 Highland Avenue, Somerville, MA 02143
(617) 625-6600

Dated: January 21, 2005

4