UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| OMNIPOINT HOLDINGS, INC, <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF SOMERVILLE, THE ZONING BOARD OF APPEALS OF THE CITY OF SOMERVILLE, RICHARD J. DALEY, MARY R. JEKA, HERBERT F. FOSTER, ORSOLA S. FONTANO and MARLENE SMITHERS in their capacities as members of the Somerville Zoning Board of Appeals, <br><br> Defendants. | Civil Action No. 04-10713 JLT |

## JUDGMENT AND ORDER

Pursuant to Section 704 of the Telecommunications Act of 1996, codified at 47 U.S.C. § 332(c)(7) (the "TCA"), the parties' Agreement for Judgment filed with this Court, the documents and information submitted in this action, and based on applicable law, the Court finds and orders as follows:

1.  That Final Judgment hereby enters in favor of the Plaintiff Omnipoint Holdings, Inc. ("Omnipoint") on Count I of the Complaint, and that the denial of Omnipoint's application for revision of a previously issued special permit (the "Application") violates the TCA in that it is not supported by substantial evidence contained in a written record.

2.  That, under Count I of Omnipoint's Complaint, the decision of the defendant the City of Somerville Zoning Board of Appeals (the "Board") on Omnipoint's Application, dated February 25, 2004 ("the "Decision") and filed with the Somerville City Clerk on March 10, 2004 regarding Omnipoint's proposed wireless communications facility ("WCF") to be located at 278 Beacon

St., Somerville, MA (the "Site") shall be and hereby is (a) vacated to the extent it denied a request for revision to a previously issued special permit for Omnipoint's WCF, and (b) amended and modified to grant a revision to a previously issued special permit for Omnipoint's WCF in accordance with the plans filed with the Board as part of Omnipoint's Application.

    3.    That, under Count I of Omnipoint's Complaint, the defendant Board shall immediately issue the revised special permit as requested by Omnipoint in the Application, and that the Board and the City shall issue, or cause to be issued, any and all other necessary approvals and permits which the Board and the City are authorized to issue and which are necessary to allow Omnipoint to construct its WCF at the Site without further delay. Pursuant to the TCA and the parties' Agreement for Judgment, Final Judgment hereby further enters inasmuch as there is no just cause for delay for the immediate issuance of the revised special permit by this Judgment alone, and with no other actions, meetings, hearings or decisions being necessary.

    4.    Count II (Violation of the Reconstruction Civil Rights Act, 42 U.S.C. § 1983) of Omnipoint's Complaint shall be dismissed with prejudice, without costs and without right of appeal.

    5.    All claims for damages shall be dismissed with prejudice. Each party shall bear their own costs and fees.

    So ordered:

    _____, J.
    United States District Court

Dated: _____, 2005